UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| V. CATHERINE MUMEJIAN, individually and on behalf of all similarly situated employees, Plaintiffs, | : : : | CIVIL ACTION NO. |
| v. | : : | |
| S.J.S. ENTERPRISES, INC. Defendant. | : : : | AUGUST 12, 2013 |

COLLECTIVE ACTION COMPLAINT

I . INTRODUCTION

1.     This action is brought on behalf of all assistant store managers and store managers employed by Defendant S.J.S. Enterprises, Inc., d/b/a Lyn Evans Potpourri Designs ("Lyn Evans") (hereinafter "Defendant" or "Lyn Evans").  Defendant has misclassified Plaintiff V. Catherine Mumejian (also known as "Virginia Mumejian") (hereinafter "Plaintiff"), and other similarly situated employees as exempt under federal and state overtime laws and failed to pay her overtime pay for hours above 40 in a workweek.

2.     Plaintiff alleges on behalf of herself and other similarly situated current and former "assistant store managers" of Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 216(b) (the "Collective Action Class"), that they are: (i) entitled to unpaid wages from Defendant for all overtime hours worked by them, as required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*

3.     Plaintiff further alleges on behalf of herself and other similarly situated current and former "store managers" of Defendant who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C.§§ 216(b) (the "Collective Action Class"), that they

are: (i) entitled to unpaid wages from Defendant for all overtime hours worked by them, as

required by law, and (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201

*et seq.*

4.      Plaintiff further alleges, individually, that under the Connecticut Minimum Wage

Act ("CMWA") she is (i) entitled to unpaid wages from Defendant for all overtime hours worked

by her, as required by law, and (ii) entitled to liquidated damages pursuant to the CMWA.

## II.  JURISDICTION AND VENUE

5.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §

1331 and 29 U.S.C. § 216(b). This Court has jurisdiction over Plaintiff's state law claim pursuant

to 28 U.S.C. § 1367 since it is so related to her FLSA claims that it forms part of the same case

or controversy.

6.      Venue is proper in this district under 28 U.S.C. § 1391(b)-(c) because the acts or

omissions giving rise to claims in this Complaint took place in this judicial district.

## III.  THE PARTIES

7.      Plaintiff Virginia Mumejian is an individual residing within this judicial district.

She began working for Defendant in approximately September of 2009.  In or about October of

2010, she became "assistant store manager" for Defendant at Defendant's West Hartford,

Connecticut Store.  Plaintiff held the position of assistant store manager until approximately

January of 2012, at which time she became "store manager."  Plaintiff held the position of store

manager until May 29, 2013, when her employment with Defendant ended.

8.      Defendant Lyn Evans is a corporation organized and existing under the laws of

Massachusetts.  Its principal office is located in Wellesley, Massachusetts.

9.      Defendant owns and operates retail women's clothing stores located in

Connecticut and Massachusetts.

10.    Defendant sells "commodities" as that term is defined in Connecticut's wage orders 7A and 7B, and accordingly, is involved in the "mercantile trade."

11.    It is from its corporate headquarters that Lyn Evans operates the various stores by the creation, publication, and enforcement of its corporate policies and procedures. These policies and procedures dictate the compensation of Defendant's employees as well as the manner in which Defendant's employees carry out recruiting, hiring, training, management, and termination of various store personnel including assistant store managers and store managers.

12.    Lyn Evans is a subject to FLSA requirements, and is an employer within the meaning of the FLSA.  Lyn Evans was and is the employer of Plaintiff and all other assistant store managers and store managers in Connecticut and Massachusetts because it had the power to hire and fire those employees, it supervised and controlled their conditions of employment, it had the authority to set their rates and methods of payment and maintained their employment record.

## IV.  THE COLLECTIVE ACTION

13.    Plaintiffs brings the first two causes of action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act.  Plaintiffs and the other assistant store managers and store managers are similarly situated in that they are all subject to Lyn Evans' common plan or practice of designating them as exempt from the overtime requirements of the FLSA when in fact their work, as described below, is not exempt.

**COUNT ONE      VIOLATION OF THE FLSA INDIVIDUALLY AND ON
                 BEHALF OF ALL ASSISTANT STORE MANAGERS**

14.    Plaintiff's schedule as "assistant store manager" varied from week to week based in part on business needs.  As Assistant Store Manager, Plaintiff routinely worked between 45 and 55 hours per week, including work performed from home and at offsite events, but was

3

never paid overtime premiums.  All of Defendant's stores were open 8 hours per day on five days per week and 9 hours per day on Thursdays.  Extended hours were also scheduled during the December holiday season.  Plaintiff would typically arrive at the store one half hour before the store opened, and would stay one hour after closing, and was rarely provided a lunch break.  Similarly, other assistant store managers routinely worked 45 hours a week, or more, though they were never paid overtime premiums.

15.     While Plaintiff and the class have been given the title of "assistant store manager," in fact, based on their duties, their real and primary function is to perform non-exempt functions, including such tasks as servicing customers, sorting and processing the deliveries, putting them on display, restocking displays, cleaning bathrooms and all other areas of the store, running the cash register, transporting merchandise from store to store as directed by the Directors of Stores, putting the garbage in the dumpster, responding to emails, making customer calls, taking inventory, making bank deposits on a daily basis, and attending off-site marketing events.

16.     Lyn Evans profits from this business model to the extent that it does not pay for the hours worked by assistant store managers beyond forty in a week. In fact, Defendant mandates that its assistant store managers work at least 45 hours per week during most weeks.

17.     Defendant classifies all assistant store managers as exempt from the overtime requirements of the FLSA and state laws, regardless of store location, volume, or size.

18.     The decision to classify assistant store managers as exempt was made by Defendant's corporate officers based on the general job description of the position and was carried out in Connecticut and Massachusetts by the issuance of paychecks which did not include the legally required overtime premiums for all hours over 40 in a week.

4

19.     The primary duty of Plaintiffs and all other assistant store managers is not management and therefore Lyn Evans is not entitled to deny them overtime pay under the executive exemption or any other exemption.

20.     Assistant Store Managers do not spend most of their time on exempt tasks. Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, ensuring that the merchandise was arranged, counting inventory, and organizing the store.

21.     It is a key to the Lyn Evans business model that the assistant store manager performs significant amounts of manual labor and other non-exempt functions given each stores' limited payroll budget. If the assistant store managers did not perform these manual labor and non-exempt functions, Lyn Evans would have to employ more people or retain independent contractors.

22.     The assistant store manager's salary is comparable to that of their non-exempt sales associate, especially when the overtime that they spend on the job is considered.

23.     Lyn Evans' violations have been willful and intentional in that it has known all along what the law requires and that the primary duty of its assistant store managers has been to perform non-exempt work.

24.     As a result of Lyn Evans' willful violations of the FLSA, Plaintiff and all other similarly situated assistant store managers have suffered damages in that they have not received proper compensation.

**COUNT TWO      VIOLATION OF THE FLSA INDIVIDUALLY AND ON BEHALF OF ALL STORE MANAGERS**

25.     Plaintiff's schedule as "store manager" varied from week to week based in part on business needs. As Store Manager, Plaintiff routinely worked between 50 and 65 hours per week, including work performed from home and at offsite events, but was never paid overtime premiums. All of Defendant's stores were open 8 hours per day on five days per week and 9 hours per day on Thursdays. Extended hours were also scheduled during the December holiday season. Plaintiff would typically arrive at the store one half hour before the store opened, and would stay one after closing, and was rarely provided a lunch break. Similarly, other store managers routinely worked 45 hours a week, or more, though they were never paid overtime premiums.

26.     While Plaintiff and the class have been given the title of "store manager," in fact, based on their duties, their real and primary function is to perform non-exempt functions, including such tasks as servicing customers, sorting and processing the deliveries, putting them on display, restocking displays, cleaning bathrooms and all other areas of the store, running the cash register, transporting merchandise from store to store as directed by the Directors of Stores, putting the garbage in the dumpster, responding to emails, making customer calls, taking inventory, making bank deposits on a daily basis, and attending off-site marketing events.

27.     Lyn Evans profits from this business model to the extent that it does not pay for the hours worked by store managers beyond forty in a week. In fact, Defendant mandates that its store managers work at least 45 hours per week during most weeks.

28.     Defendant classifies all store managers as exempt from the overtime requirements of the FLSA and state laws, regardless of store location, volume, or size.

29.     The decision to classify store managers as exempt was made by Defendant's

6

corporate officers based on the general job description of the position and was carried out in Connecticut and Massachusetts by the issuance of paychecks which did not include the legally required overtime premiums for all hours over 40 in a week.

30.     The primary duty of Plaintiffs and all other store managers is not management and therefore Lyn Evans is not entitled to deny them overtime pay under the executive exemption or any other exemption

31.     Store Managers do not spend most of their time on exempt tasks. Instead, most of their time is spent performing non-exempt duties, such as unloading freight, stocking shelves, ensuring that the merchandise was arranged, counting inventory, and organizing the store.

32.     It is a key to the Lyn Evans business model that the store manager performs significant amounts of manual labor and other non-exempt functions given each stores' limited payroll budget. If the store managers did not perform these manual labor and non-exempt functions, Lyn Evans would have to employ more people or retain independent contractors.

33.     The store manager's salary is comparable to that of their non-exempt sales associate, especially when the overtime that they spend on the job is considered.

34.     Lyn Evans' violations have been willful and intentional in that it has known all along what the law requires and that the primary duty of its store managers has been to perform non-exempt work.

35.     As a result of Lyn Evans' willful violations of the FLSA, Plaintiff and all other similarly situated store managers have suffered damages in that they have not received proper compensation.

**COUNT THREE**      **VIOLATION OF THE CONNECTICUT MINIMUM WAGE ACT (ON BEHALF OF VIRGINIA MUMEJIAN ALONE)**

36.     Based on the foregoing, Plaintiff was misclassified as exempt under the Connecticut Minimum Wage Act and is entitled to overtime compensation under that statute during the period of time in which she was employed as Assistant Store Manager as well as Store Manager.

37.     Lyn Evans' violations have been willful and intentional in that it has known all along what the law requires and that the primary duty of its assistant store managers and store managers has been to perform non-exempt work.

38.     As a result of Lyn Evans' willful violations of the CMWA, Plaintiff and all other similarly situated assistant store managers have suffered damages in that they have not received proper compensation.

**DEMAND FOR RELIEF**

Plaintiffs claim:

      a.      Designation of this action as a collective action pursuant to the FLSA and prompt issuance of notice pursuant to 29 U.S.C. Section 216(b);

      b.      An award of unpaid overtime wages under the Fair Labor Standards Act;

      c.      An award of unpaid overtime wages under the Connecticut Minimum Wage Act;

      d.      An award of liquidated damages under the Fair Labor Standards Act,

      e.      An award of penalty damages under the Connecticut Minimum Wage Act;

      f.      Attorneys' fees under the Fair Labor Standards Act, and the Connecticut Minimum Wage Act;

      g.      Injunctive relief in the form of an order directing Defendant to comply with the Connecticut Minimum Wage;

      h.      Such other relief as in law or equity may pertain.

**JURY DEMAND**

      Plaintiff demands a trial by jury on all issues so triable.

PLAINTIFF V. CATHERINE MUMEJIAN

By: _____
William G. Madsen (ct09853)
Madsen, Prestley & Parenteau, LLC
402 Asylum Street, Hartford, CT 06103
Tel: (860) 246-2466  Fax: (860) 246-1794
wmadsen@mppjustice.com

By: _/s/ Richard E. Hayber_____
Richard E. Hayber (ct11629)
Hayber Law Firm, LLC
221 Main Street, Suite 502
Hartford, CT 06106
Tel: (860) 522-8888 Fax: (860) 218-9555
rhayber@hayberlawfirm.com